# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Jeffry Stephen Pearson,<br>Debtor. | Chapter 13<br>Case No. 18-10502-BLS<br><br>Re: Docket Nos. 78, 83 |

Mr. Jeffry Stephen Pearson
806 N. Madison Street
Wilmington, DE 19801

Pro se

Janet Z. Charlton, Esq.
Kristi J. Doughty, Esq.
McCabe, Weisberg & Conway, LLC
1407 Foulk Road, Suite 204
Wilmington, DE 19803

Attorney for Creditor

OPINION[1]

Before the Court is a Motion for Partial Summary Judgment (the "Motion") [Docket No. 78] filed by debtor Jeffry S. Pearson ("Mr. Pearson" or the "Debtor") in his Chapter 13 proceeding. The Bank of New York Mellon ("Mellon") has objected to the Motion. Mr. Pearson seeks disallowance of Mellon's claim on the ground that Mellon did not comply with the statute of limitations imposed under 10 Del. Code § 8106. For the reasons stated below, the Motion for Partial Summary Judgment is DENIED.

**I.    Background**

Movant Mr. Pearson is a Chapter 13 debtor. Respondent Mellon is a secured creditor and holds a mortgage lien on real property owned by Mr. Pearson that was executed on October 25,

---

[1] This Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

1

2005. It is undisputed that the mortgage and note in the original amount of $97,500.00 were executed under seal. The original lender was Best Rate Funding Corporation, but the mortgage was later assigned to Mellon. Mellon's proof of claim reflects that the Debtor was required to make payments for thirty years starting at $706.94 a month. Mellon alleges the Debtor last made a mortgage payment in July 2008 and is therefore in substantial default. Mr. Pearson subsequently filed a Chapter 13 petition in 2018 and Mellon filed a proof of claim in the amount of $190,120.07 on May 18, 2018. Mr. Pearson objected to the proof of claim and subsequently filed the Motion, alleging that an applicable Delaware statute of limitations bars Mellon's claim.

## II.    Jurisdiction and Legal Standard

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  An issue of material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The movant bears the burden of establishing the absence of a genuine issue of material fact. *Id.* at 322-23. If the movant is successful, the burden then shifts to the respondent to establish that summary judgment is not warranted. Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The opposing party must produce specific facts that establish the existence of a genuine dispute. <u>Id.</u> at 587. It is not sufficient to defeat a motion for summary judgment for the respondent to merely allege a factual dispute. <u>Anderson</u>, 477 U.S. at 247-48.

Further, the Court must view all facts and draw all inferences in favor of the respondent. <u>Id.</u> at 261 n.2; <u>Pastore v. Bell Tel. Co. of Pa.</u>, 24 F.3d 508, 512 (3d Cir. 1994). A motion for summary judgment may only be denied "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." <u>Matsushita</u>, 475 U.S. at 587 (citation omitted). Therefore, the Third Circuit Court of Appeals has held that "in all cases summary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party, the court concludes that there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law." <u>Petruzzi's IGA Supermarkets v. Darling-Del. Co.</u>, 998 F.2d 1224, 1230 (3d Cir. 1993).

**III.    The Parties' Positions**

Mr. Pearson argues the claim is barred by a three-year statute of limitations for actions on a note set out in 10 Del. Code § 8106(a). In response, Mellon argues that under Delaware common law, instruments evidenced by seal are subject to a twenty-year statute of limitations. Mellon contends that 10 Del. Code § 8106(a) simply provides an exception to the three-year statute of limitations for contracts under seal and that the recent amendment to 10 Del. Code § 8106(c) (discussed below) did not abolish a common law statute of limitations. Further, it states the addition to 10 Del. Code § 8106(c) supplants the statute of limitations in 10 Del. Code § 8106(a) only if: (1) the claims are based on a written contract; (2) involve at least $100,000; and (3) the contract specifies a period of time for the claims to accrue. Since neither the mortgage agreement

3

nor the note accompanying the mortgage here contained any statute of limitations provision, Mellon contends the parties did not contract around the twenty-year common-law statute of limitations.

**V.     Analysis**

The issue before the Court is, which statute of limitation governs the cause of action relating to the mortgage and mortgage note between the parties? The parties offer the Court starkly different interpretations of the same statutory provisions. The relevant statute is 10 Del. Code § 8106, which provides as follows:

> Actions Subject to a 3-Year Limitation:
>
> (a) [N]o action to recover a debt not evidenced by a record or by an instrument under seal . . . shall be brought after the expiration of 3 years from the accruing of the cause of such action[.]

10 Del. Code § 8106(a). In other words, a claim for breach of an unsealed contract must be made within three years. An action to recover a debt evidenced by an instrument under seal may be brought later than three years. The parties here focus significant attention to a 2014 amendment to the statute, which provides as follows:

> (c) Notwithstanding anything to the contrary in this chapter . . . an action based on a written contract, agreement or undertaking involving at least $100,000 may be brought within a period specified in such written contract, agreement or undertaking provided it is brought prior to the expiration of 20 years from the accruing of the cause of such action.

10 Del. Code § 8106(c).

The requirements for demonstrating that a mortgage is under seal are less stringent than the requirements for other types of documents. See First Tr. Corp., v. Byers, No. 95-05-356, 1997 WL 1737103, at *2 (Del. Com. Pl. Feb. 25, 1997). For example, case law establishes that the

presence of the word "seal" next to and on the same line as the signature of an individual debtor is legally sufficient, without more, to establish that a bank-held promissory note is under seal. See Rutledge v. S & L Contractors, Inc., No. 05-12-0032, 2007 WL 3231625, at *4 (Del. Com. Pl. Sept. 24, 2007). Further, a testimonium clause is not necessary. See First Tr. Corp., 1997 WL 1737103, at *2. An agreement under seal has the effect of precluding "challenges to the validity of a contract on the ground of lack of consideration." See Monroe Park v. Metro. Life Ins., 457 A.2d 734, 737 (Del. 1983). Additionally, as discussed, a promissory note under seal also has the effect of subjecting the agreement to a common law twenty-year statute of limitations.

Section 8106 begins with subsection (a) operating to exempt certain actions from a three-year statute of limitation. Common law specifies that a claim brought pursuant to a sealed agreement has a twenty-year statute of limitations. Subsection (c) gives parties to an agreement flexibility in contracting around the statute of limitations period. If an agreement involves at least $100,000, the parties can include a statute of limitations up to, but not exceeding twenty years, irrespective of whether the agreement is sealed. This amendment to the statute was added in 2014 and it does not change the twenty-year common law statute of limitations for sealed agreements; all it does is give parties the ability to contract around it.

As noted, the parties are in agreement that the mortgage and accompanying note are under seal. However, they disagree over which statute of limitations applies to Mellon's claim. For the reasons that follow, the Court concludes Mellon's action is subject to a twenty-year statute of limitation, and therefore it has timely brought its action.

*a. Decisions interpreting the statute have not changed since the amendment*

First, 10 Del. Code § 8106(a) carves out sealed agreements from the three-year statute of limitations. This was true prior to the addition of subsection (c) in 2014. See Whittington v. Dragon

Grp., L.L.C., 991 A.2d 1, 10 (Del. 2009) ("Under Delaware law, a contract under seal is subject to a twenty-year statute of limitations."); Milford Fertilizer Co. v. Hopkins, 807 A.2d 580, 583-84 (Del. Super. Ct. 2002) ("It concluded that actions on promissory notes under seal were governed, instead, by the common law presumption of payment after twenty years.").

Research reveals that Delaware courts have continued to interpret 10 Del. Code § 8106(a) the same way after the statute was amended in 2014. See Sea Villa Homeowners Ass'n., v. Lavine, No. CPU6-14-000330, 2016 WL 1035741, at *4 (Del. Com. Pl. Feb. 24, 2016) (stating "[s]ection 8106(a) of Title 10 expressly excepts from the three-year limitations period actions to 'recover a debt . . . evidenced by a record or by an instrument under seal'") (citation omitted); Wilmer v. Ocwen Fin. Corp., No. CV N15C-08-082, 2016 WL 3366060, at *3 (Del. Super. Ct. May 31, 2016) (explaining "[g]enerally, causes of action based upon contracts must be brought within 3 years of a breach. Contracts under seal however, are subject to a twenty-year statute of limitations"); Saunders-Gomez v. Rutledge Maint. Corp., No. CV N16A-03-003, 2017 WL 1277682, at *5 (Del. Super. Ct. Apr. 3, 2017), aff'd, 189 A.3d 1288 (Del. 2018) ("As such, the twenty-year limitations period applies, and none of Appellee's claims are time-barred under § 8106."). The interpretation of 10 Del. Code § 8106(a) has not changed since the statute's amendment. Therefore, agreements under seal continue to be subject to the common-law twenty-year statute of limitations and Mellon's claim is not time barred under 10 Del. Code § 8106(a).

*b. The legislative intent behind the 2014 amendment supports a twenty-year statute of limitations*

Second, the legislative history behind the codification of 10 Del. Code § 8106(c) does not support Mr. Pearson's position. Mr. Pearson argues the addition to 10 Del. Code § 8106(c) and the lack of language concerning contracts for less than $100,000 is evidence the legislature intended

6

to do away with the common law ability to extend the statute of limitations. However, the legislative history makes clear the intent to preserve the freedom to contract around the statute of limitations and does not abrogate the twenty-year statute of limitations. Instead, it addresses the ability to extend the statute of limitations for a cause of action under an unsealed agreement mirroring the common law statute of limitations for sealed agreements. Specifically, the purpose of the bill is to give "clear statutory authorization to the parties' freedom to contract beyond the three- or four-year statutory period without resorting to the use of a sealed instrument, as long as the contract involves at least $100,000 and is in writing." Delaware Committee Report, 2014 Reg. Sess. H.B. 363; Delaware Bill Summary, 2014 Reg. Sess. H.B. 363.

    *c. Common law is not preempted by statute absent a clear intent*

Finally, the statute does not preempt common law because the language of the amendment and that of the legislative history does not support an intention to do so. If a statute were to infringe on the common law, the statutory purpose to do so must be evident. See United States v. Texas, 507 U.S. 529 (1993) ("[s]tatutes which invade the common law ... are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident."); Samuel R. Maizel, *Medicare's Recoupment Rights Get More Confusing,* AM. BANKR. INST. J., Sept. 1997, at 19 ("In order to abrogate common law principle a statute must 'speak directly' to the question addressed by the common law."). The statutory language and the legislative history do not reflect any intent to invade or abrogate the common law in this area. The Court concludes that Delaware's twenty-year common law statute of limitations survives and governs the dispute between Mellon and the Debtor.

## VI. Conclusion

For the foregoing reasons, the Court will deny the Motion. An appropriate order follows.

Dated: November 21, 2019
       Wilmington, Delaware

                                             Brendan Linehan Shannon
                                             United States Bankruptcy Judge